**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON DAYE SLAWSON, #1223917,** )<br>　　　　Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:05-CV-0625-G |
| ) | | |
| **CHUCK KEATON, et al.,** ) | | |
| 　　　　Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

　　Parties: Plaintiff is presently confined at the Jester III Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Richmond, Texas. At the time of filing this action, he was incarcerated at the Dawson State Jail of TDCJ-CID in Dallas, Texas. Defendants are Warden Chuck Keaton and Corrections Corporation of America. The court has not issued process in this case. However, on April 15, 2005, the Magistrate Judge

issued a questionnaire to Plaintiff, who filed his answers on May 5, 2005.[1]

Statement of Case: In 2000, prior to his incarceration, Plaintiff endured a severe back injury which left him confined to a wheel chair. The complaint alleges that Defendants have failed to provide physical therapy for his rehabilitative needs, and have failed to treat properly the "large tear" over his eye. The complaint further alleges that Defendants have failed to provide wheelchair accessibility ramps, emergency evacuation routes for wheelchairs, recreational equipment or activities for handicapped inmates, and/or employees with specialized training to effective assist inmates with special needs. He requests monetary compensation. (Id. at 3).

Findings and Conclusions: 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably monetary damages, exhaustion is a prerequisite to

---

[1] This action was initially filed in the Fort Worth Division of the Northern District of Texas. See Slawson v. Keaton, et al., 4:04cv0555-Y (N.D. Tex., Fort Worth Div., filed on July 28, 2004). On March 30, 2005, Judge Terry R. Means dismissed with prejudice all claims of ineffective assistance of counsel against Plaintiff's defense counsel, Attorney Jones, and transferred the remaining claims -- i.e., his medical care and conditions of confinement claims -- to this court for further proceedings.

suit. Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, defendants are entitled to judgment as a matter of law dismissing the prisoner's complaint, but the dismissal must be without prejudice to refiling after exhausting his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir.1998).

TDCJ currently provides a two-step procedure for presenting administrative grievances. Wendell, 162 F.3d at 891; see also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). The Dawson State Jail, which is part of TDCJ, follows the same two-step procedure.[2]

In the complaint as well as in answer to the magistrate judge's questionnaire, Plaintiff concedes that he did not exhaust his administrative remedies before filing this suit. (See Complaint at 2 ¶ III, and Answer to Questionw 2 and 3 of the questionnaire). As a result, his

---

[2] In Wendell, the Fifth Circuit described the two-step procedure as follows: Step 1 requires the prisoner to submit an administrative grievance at the institutional level. After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for step 1 of the process, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice. After an investigation, the department grievance investigator prepare a report and makes a recommendation to the final decision maker for step 2 of the process, which is the director, deputy director, regional director or assistant director.

The grievance procedures takes approximately 90 days to exhaust. Prisoners are allowed 15 calendar days to file a step 1 grievance. The response to the step 1 grievance is due within forty days after receipt of the grievance. The prisoner ten has 10 days to submit an appeal. The response to the step 2 grievance is due within forty days after receipt of the prisoner's appeal.

Wendell, 162 F.3d at 891 (citations omitted).

claims remain unexhausted and the complaint should be dismissed without prejudice.[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff Jason Daye Slawson, #1223917, TDCJ, Jester III Unit, Rt 2 Hwy 90A, Richmond, Texas 77469.

Signed this 23rd day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] In Johnson v. Johnson, the Fifth Circuit recently stated that "prisoners need not continue to file grievances about the same issue." 385 F.3d at 521. Unlike Johnson, however, Plaintiff never even once exhausted his administrative remedies before filing this action. He concedes that he filed neither a step 1 nor a step 2 grievance.